UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JELANI JAMES JONES,

    Petitioner,

v.                                                     Case No. 8:05-cv-791-T-23EAJ

JAMES V. CROSBY, JR.,

    Respondent.

_____/

## O R D E R

Jelani Jones petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his state conviction for first degree murder, for which offense Jones was sentenced to life imprisonment. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, this court is required to conduct a preliminary review of the petition for writ of habeas corpus. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for summary dismissal . . . ." The petition fails to disclose the dates Jones filed his two Rule 3.850 motions for post-conviction relief. A preliminary assessment of whether the petition is time-barred under the provisions of 28 U.S.C. § 2244(d) is not ascertainable without these dates. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

Accordingly, Jones has fifteen (15) days to provide the omitted dates identified above. The failure to timely do so will result in the dismissal of this petition without further notice.[1]

ORDERED in Tampa, Florida, on May 9, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[1] Jones should note that, if he fails to respond to this order and this case is dismissed, any subsequently-filed habeas petition challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time that a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000)(defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time during which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).