UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JELANI JAMES JONES,

    Petitioner,

v.                                                       Case No. 8:05-cv-791-T-23EAJ

JACK SAPP,

    Respondent.
_____/

**O R D E R**

Jelani Jones petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for first degree murder, for which he was sentenced to life imprisonment. His response (Doc. 4) to the prior order (Doc. 3) discloses that, based on the date he commenced his first state Rule 3.850 motion for post-conviction relief, this federal petition is time-barred. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

The Anti-Terrorism and Effective Death Penalty Act created a limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §2244(d)(1)(A). Additionally,

"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2).

Jones' conviction became final in January 2000.[1]  His limitations period expired one year later in January 2001, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). Jones represents (Doc. 4) that his first state Rule 3.850 motion for post-conviction relief was filed more than six months later on August 30, 2001.  That proceeding is, however, of no consequence because the federal limitations period already expired .  "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."  *Tinker v. Moore*, 255 F.3d 1331, 1335 fn.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  Because the federal one-year period had already expired, the state motion for post-conviction relief did not operate to toll the federal limitations period to allow Jones to file a future federal action.

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred.  The clerk shall **ENTER JUDGMENT** against Jelani Jones and **CLOSE** this action.

ORDERED in Tampa, Florida, ON June 12, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[1] Jones represents that the direct appeal concluded on October 15, 1999.  The conviction became final for federal statute of limitations purposes ninety days later, which represents the time allowed for filing a petition for writ of certiorari,  28 U.S.C. § 2244(d)(1)(A).  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec. Dept. Corr.*, 292 F.3d 1347 (11th Cir. 2002).